UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN VALDEZ PEREZ,<br><br>   Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA, COURT OF APPEAL,<br><br>   Defendants. | No. 2:17-cv-0221 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a former juvenile detained in the California Youth Authority, proceeding pro se. On January 19, 2018, the Court of Appeals for the Ninth Circuit vacated the May 4, 2017 order in light of all defendants' failure to consent to proceed before the magistrate judge, and remanded for further proceedings. Accordingly, the undersigned issues the following order, findings and recommendations.

On January 11, 2017, plaintiff filed a seven page handwritten document accompanied by 349 pages of exhibits. (ECF No. 1.) Plaintiff requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On July 1, 2017, the undersigned revoked plaintiff's in forma pauperis status. In light of the remand, such order is vacated, and finds that plaintiff submitted a declaration that makes the

showing required by 28 U.S.C. § 1915(a). Plaintiff's request to proceed in forma pauperis is granted.

As discussed below, the undersigned recommends that this action be dismissed.

II. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

(2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

Plaintiff demands from the State of California monetary compensation for alleged kidnapping and false imprisonment, and for allegedly charging him for a crime he claims he did not commit. (ECF No. 1 at 5.) The exhibits provided suggest that plaintiff was committed to the California Youth Authority ("CYA") following proceedings held in 1998 in the juvenile division of the San Joaquin County Superior Court, Case No. 54180 or J54180.[1] (ECF Nos. 1-2 at 17; 1-3 at 52.) Plaintiff provided copies[2] of an order issued by the California Court of Appeals, Third Appellate District in Case No. C031187. (ECF Nos. 1-2 at 17; 1-3 at 52.) The state appellate court noted that plaintiff's juvenile delinquency proceeding involved three separate petitions. (ECF No. 1-2 at 17.) On appeal, plaintiff argued that the juvenile court erred by failing to declare one violation a misdemeanor, and erred in committing plaintiff to CYA. (ECF No. 1-2 at 18.) On January 26, 2000, the state appellate court upheld the juvenile court's findings. (ECF No. 1-2 at 18.)

Plaintiff also provided a copy of the September 15, 2016 order from the California appellate court, denying, without comment, his petition for writ of habeas corpus. (ECF No. 1-3 at 83.)

Plaintiff does not provide a copy of a denial from the California Supreme Court, either from an appeal from, or petition for review of, the 2000 order by the state appellate court, or from

---

[1] Plaintiff did not provide a copy of the order of detention, but provided a copy of the probation officer's March 19, 1998 request for order of detention, and the March 31, 1998 petition and notice of hearing setting forth the charges and the projected maximum confinement period for each. (ECF No. 1-2 at 9-12.)

[2] Only the odd-numbered pages were provided (1, 3, 5, 7 & 9).

3

a petition for writ of habeas corpus filed in the California Supreme Court.[3] Plaintiff provided multiple copies of documents related to his efforts to file a petition for writ of certiorari in the United States Supreme Court.

IV. Discussion

In Heck v. Humphrey, the Supreme Court held "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. 477, 481 (1994). Thus, a plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence and conviction have not previously been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court. Id. at 486-87. The Supreme Court has extended this holding to civil-rights actions in which the plaintiff seeks declaratory or injunctive relief as well as damages. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

In Smith v. City of Hemet, the Ninth Circuit reiterated: "[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." 394 F.3d 689, 695 (9th Cir. 2005) (quotation omitted). "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would necessarily imply or demonstrate the invalidity of the earlier conviction or sentence.'" Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Heck, 512 U.S. at 487).

---

[3] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov. Those judicially-noticed records show that plaintiff has not filed any proceeding in the California Supreme Court as of January 29, 2018.

On September 28, 2016, the Clerk of the California Supreme Court informed plaintiff that the office was prohibited from giving legal advice, did not know the procedures or requirements for filing in federal courts, and suggested plaintiff consult an attorney. (ECF No. 1-1 at 60.)

Plaintiff's claim that he was kidnapped, falsely imprisoned, and is innocent of the crimes charged in juvenile court necessarily implicate the superior court's order detaining him in the California Youth Authority. It appears that the Ninth Circuit Court of Appeals has not addressed whether a juvenile adjudication is susceptible to a <u>Heck</u> challenge. However, other courts have addressed this issue. <u>Gregory v. City of Newberg</u>, 2015 WL 5577755 (D. Or. Sept. 21, 2015) (<u>Heck</u> applies to juvenile adjudication); <u>see also</u> <u>Adkins v. Johnson</u>, 482 F. App'x 318, 319 (10th Cir. 2012) (district court correctly ruled that <u>Heck</u> bars suit for damages based on allegations that implicate the validity of the five juvenile judgments.); <u>Grande v. Keansburg Borough</u>, 2013 WL 2933794, at *6 (D. N.J. June 13, 2013) (applying <u>Heck</u> to § 1983 claim based on a juvenile adjudication).

Even in jurisdictions where state laws provide that juvenile adjudications are not convictions, courts have found <u>Heck</u> applies. For example, in <u>Morris v. City of Detroit</u>, the court recognized that even though a juvenile adjudication is not a criminal proceeding under Michigan law, a juvenile adjudication retains many of the procedural rights and features of a criminal proceeding and is, therefore, "certainly the functional equivalent" of a criminal conviction. 211 F. App'x 409, 411 (6th Cir. 2006). In <u>Dominguez v. Shaw</u>, although the court noted a juvenile adjudication is not a conviction under Arizona law, nevertheless the court found there was not any "reason to treat juvenile adjudications differently than adult convictions for the purposes of <u>Heck</u> analysis." <u>Dominguez</u>, 2011 WL 4543901, at *2-*3 (D. Ariz. Sept. 30, 2011). The court noted:

> The crucial issue in assessing whether <u>Heck</u> bars [the plaintiff's] § 1983 claim is whether a finding by this court that the defendants' conduct warrants damages would necessarily invalidate the juvenile court's finding that [the plaintiff] engaged in illegal conduct. Whether the juvenile court's finding is labeled a conviction or an adjudication is, for <u>Heck</u> purposes, irrelevant. . . . If success on the § 1983 claim would undermine [the plaintiff's] juvenile adjudication, which has not been reversed or set aside, the claim has not yet accrued.

<u>Dominguez</u>, 2011 WL 4543901, at *3 (citation omitted). <u>But see</u> <u>Magana v. County of San Diego</u>, 835 F.Supp.2d (S.D. Cal. Dec. 19, 2011) (because Magana was not convicted of any crime, but rather received an informal supervision culminating in the dismissal of all charges

5

against him in the juvenile court, <u>Heck</u> did not apply because <u>Heck</u> requires an underlying conviction not present in juvenile adjudication).

Assuming, without deciding, that <u>Heck</u> applies, plaintiff has failed to demonstrate that his juvenile adjudication has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Therefore, his complaint must be dismissed without prejudice.

But even assuming, <u>arguendo</u>, that <u>Heck</u> does not bar plaintiff's claim, it is apparent from the face of his pleading that his claim is barred by the statute of limitations, as explained next.

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." <u>Douglas v. Noelle</u>, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); <u>Maldonado v. Harris</u>, 370 F.3d 945, 955 (9th Cir. 2004). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th Cir. 2004); <u>Maldonado</u>, 370 F.3d at 954. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; <u>Jones</u>, 393 F.3d at 927; <u>Maldonado</u>, 370 F.3d at 954-55. However, the new statute of limitations period does not apply retroactively. <u>Maldonado</u>, 370 F.3d at 955. California law also tolls for two years the limitations period for inmates "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1.[4]

Here, plaintiff filed the complaint on January 11, 2017. (ECF No. 1.) Therefore, the relevant statute of limitations can only bar claims that are based on events that occurred prior to January 11, 2016, because plaintiff's claims accrued before 2003, or, if he was imprisoned, January 11, 2014.

Taking plaintiff's claims of innocence as true, his claims would have accrued at least by 1998 when he was charged with the crimes. But even liberally construing plaintiff's claims to

---

[4] "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." <u>Jones</u>, 393 F.3d at 927 n.5 (citations omitted).

have accrued in 2000 when the state appellate court affirmed the juvenile court's findings, plaintiff waited 17 years to bring the instant action. Such stale claims are barred by the statute of limitations, as is clear from the face of plaintiff's filing where he notes that the incident report was written on December 15, 1997. (ECF No. 1 at 3.) Because plaintiff's claims are barred by the statute of limitations, his complaint must be dismissed without prejudice.

V. Conclusion

Although the undersigned would generally grant plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); see also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The July 17, 2017 order revoke in forma pauperis status (ECF no. 22) is vacated;

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted; and

3. The Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that plaintiff's complaint be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 31, 2018

pere0221.56r

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7